USDC SCAN INDEX SHEET

















```
SWD     12/29/04    9:51
3:04-CV-02580   WARD V. VAN RU CREDIT CORP
*1*
*CMP.*
```

Robert L. Hyde (SBN: 227183)
bob@westcoastlitigation.com
Joshua B. Swigart (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
110 West 'C' Street, Suite 2018
San Diego, CA 92101
Telephone: (619) 233-7770
Facsimile:    (619) 330-4657

Attorneys for Plaintiff
Erin Ward

FILED
04 DEC 29 AM 9:30
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: SA           DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIN WARD,<br>PLAINTIFF,<br><br>v.<br><br>VAN RU CREDIT CORPORATION,<br>DEFENDANT. | Case No. 04 CV 2580 BEN (NLS)<br><br>VERIFIED COMPLAINT FOR DAMAGES<br><br>JURY TRIAL DEMANDED |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

//
//

---
[1] 15 U.S.C. 1692(a)-(e)

VERIFIED COMPLAINT FOR DAMAGES                    PAGE 1 OF 7

ORIGINAL

2. ERIN WARD, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of VAN RU CREDIT CORPORATION, (hereinafter "Defendant"), with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect an debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. For the purposes of this Verified Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant(s) named in this caption.

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

5. This action arises out of Defendant's violations of the following: the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq..

6. Because Defendant does business within the State of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

### PARTIES

8. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

9. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a company operating from the City of Brookfield, County of Waukesha, State of Wisconsin.

//
//
//
//

VERIFIED COMPLAINT FOR DAMAGES        PAGE 2 OF 7

11. Plaintiff is informed and believes, and thereon alleges, that Defendant is a person who uses an instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is not an attorney or counselor at law and is a person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is a "debt collector" as that term is defined by California Civil Code § 1788.2(c).

13. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises our of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

14. At all times relevant, Plaintiff was an individual residing within the State of California.

15. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

16. Sometime before June 23, 2004, Plaintiff allegedly incurred financial obligations to Sallie Mae that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

17. These financial obligations were primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before June 23, 2004, Plaintiff fell behind in the payments allegedly owed on the alleged debt.

//

//

19. Subsequently, but before June 23, 2004, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection from Plaintiff.

20. On or about June 23, 2004, Defendant sent, and Plaintiff received, a dunning letter addressed to Plaintiff's home and in the name of Defendant. *(See attached Plaintiff's Exhibit 1.)*

21. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" as that term is defined by Cal. Civ. Code 1788.2(b), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. On or about June 25, 2004, Plaintiff sent an email to Defendant in which Plaintiff disputed the validity the debt in a manner consistent with the requirements in 15 U.S.C. § 1692g(b). (See Plaintiff's Exhibit 2).

23. On or about June 30, 2004, Plaintiff sent a letter to Defendant in which Plaintiff disputed the validity the debt in a manner consistent with the requirements in 15 U.S.C. § 1692g(b). (See Plaintiff's Exhibit 3).

24. On or about September 8, 2004, Defendant placed a telephone call to Plaintiff and demanded payment of this alleged debt.

25. By making this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

26. By making the above communication, Defendant acted in a manner that was deceptive, unfair, and unconscionable, thereby violating 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

27. Because this September 8, 2004, communication violates the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, it also violated California Civil Code § 1788.17.

28. On or about October 13, 2004, Defendant placed a telephone call to Plaintiff's home and demanded payment of this alleged debt.

29. By making this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

30. By making the above communication, Defendant acted in a manner that was deceptive, unfair, and unconscionable, thereby violating 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

//

31. Because this October 13, 2004, communication violates the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, it also violated California Civil Code § 1788.17.

32. On or about October 18, 2004, Defendant placed a telephone call to Plaintiff's home and demanded payment of this alleged debt.

33. By making this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

34. By making the above communication, Defendant acted in a manner that was deceptive, unfair, and unconscionable, thereby violating 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

35. Because this October 18, 2004, communication violates the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, it also violated California Civil Code § 1788.17.

36. Again, only minutes later on or about October 18, 2004, Defendant placed another telephone call to Plaintiff's home and demanded payment of this alleged debt.

37. By making this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

38. By making the above communication, Defendant acted in a manner that was deceptive, unfair, and unconscionable, thereby violating 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

39. Because this second October 18, 2004, communication violates the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, it also violated California Civil Code § 1788.17.

40. On or about October 20, 2004, Defendant placed a telephone call to Plaintiff's home and demanded payment of this alleged debt.

41. By making this communication, and demand for payment, before validating the debt as required pursuant to 15 U.S.C. § 1692g(b), Defendant violated 15 U.S.C. § 1692g.

42. By making the above communication, Defendant acted in a manner that was deceptive, unfair, and unconscionable, thereby violating 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

43. Because this October 20, 2004, communication violates the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692g, it also violated California Civil Code § 1788.17.

//

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### §§ 1788-1788.32 (RFDCPA)

47. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

49. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

//
//
//
//

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

- an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant;
- an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated:

Respectfully submitted,
**Hyde & Swigart**

By: _/s/ Robert L. Hyde_
Robert L. Hyde, Esq.
Attorney for Plaintiff

## *Affidavit and Verification of Complaint by Erin Ward*

### *Regarding: Ward v. Van Ru Credit Corporation*

I, Erin Ward, upon my oath, declare and say as follows:

(1) I am the Plaintiff in this civil proceeding.

(2) I have read the Civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief formed after reasonable inquiry.

(3) I believe that this Civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for an extension, modification, or reversal of existing law.

(4) I believe that this Civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

(5) I have filed this Civil Complaint in good faith and solely for the purposes set forth.

I, Erin Ward, declare the foregoing to be true and correct under penalty of perjury under the laws of the State of California.

*[signature]*
_____
Erin Ward

*12-6-04*
_____
Date Signed

PO Box 46549
Lincolnwood IL 60646-0549

RETURN SERVICE REQUESTED

*Van Ru Credit Corporation*
150 S Sunnyslope, Suite 108
Brookfield WI 53005-6461
Telephone #: (800) 645-7213 CT

June 23, 2004

10213171-148   213166   30980

Erin Ward
2472 Broadway
San Diego CA 92102-2022

SallieMae
PO Box 4100
Wilkes-Barre PA 18773-4100

Account Number: 10213171
Past Due Amount: $1,017.78

**Past Due Balance**

***Detach Upper Portion And Return With Payment***

| Creditor   | Account # | Total Balance | Past Due |
|------------|-----------|---------------|----------|
| Sallie Mae | 10213171  | $ 8020.87     | $ 499.62 |
| Sallie Mae | 10213172  | $ 8319.00     | $ 518.16 |

The above past due amount has been placed with us for collection. Your payment may be mailed in the enclosed envelope.

Our client has informed us of the following: According to new guidelines issued by the National Automated Clearing House Association (NACHA), financial service providers like Sallie Mae may electronically process payments (checks) received from their customers. During the fall of 2003, Sallie Mae will begin clearing your check electronically instead of cashing the paper check. At that time, (1) all received checks will clear the bank faster and (2) your check will not be returned to you in your bank statement (neither the original check, nor an imaged copy). In the event that Sallie Mae is unable to process your payment electronically, it will be converted to a paper check. Your bank statement is valid proof of payment. Please note the check debit on your bank statement will reflect Sallie Mae as the payee.

This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Yours truly,

*Van Ru Credit Corporation*

2ONVANR04148

Plaintiff's Exhibit
__1__
HYDE & SWIGART
619-233-7770

*Van Ru Credit Corporation ♦ 150 S Sunnyslope, Suite 108 ♦ Brookfield WI 53005-6461 ♦ Telephone #: 800-723-1300*
*Hours: Mon-Thu 7am to 9pm, Fri 8am to 5pm, Sat 8am to 12pm CT*

## Erin

**From:** "Erin Ward" <warderin66@cox.net>
**To:** <Cfeavel@vanru.com>
**Sent:** Friday, June 25, 2004 8:10 PM
**Subject:** discharged loan

Corrie,

This is not the form that James said he was going to send me. As I explained to James and as I have stated in the letter mailed to you on June 8th, 2004. The loan in question was discharged almost a decade ago due to school closure. James was supposed to send me a Sallie Mae school closure discharge application since, it seems, the original paperwork has somehow disappeard over the years.,

I am not comfortable signing a forbearance application because it states that I will pay this loan back when the forbearance period ends. This loan should never have been sold to Sallie Mae in this first place. It was discharged in June of 1995 along with the Stafford Loan that was in conjunction with it due to school closure. As James stated, there was some sort of error made on either Bank of America's part for selling the loan or that of Sallie Mae for assuming the loan from them.

As I communicated with James, I am most concerned with the fact that Sallie Mae has reported to all three credit reporting agencies that this loan was opened by me in 11/2003 and reported that I am some 4-5 months delinquent on payments. This is a fraudulent statement on Sallie Mae's part and I insist that the open date be corrected and immediately changed to the correct date of 4/1993. With the correct date reported, this account shouldn't even be seen on my credit reports seeing that it is over 10 years old. I find it interesting that in December of 2002, my credit report does have the correct open date of 4/1993 and a statement, " this account is scheduled to continue on record until 7/2004" Then only a few months later when Sallie Mae bought this loan the open date was changed to 11/2003. You can't illegally change the loan open date to prevent the account from being removed from my credit report. ( This loan shouldn't be on my report in the first place. It was discharged. Please note that the Stafford loan that was in conjunction with this SLS loan does not show up on my credit report. More proof that an error was made somewhere along the line). I should have addressed the problem in Dec 2002 when I discovered that this loan was showing up as active.

As I told James, I have all the original paperwork regarding the loan(s), their open dates, the school closure information, discharge applications and a letter from the California Student Aid Commission regarding discharge dated June 1995. I would be happy to send you copies of these.

I would also like to inform you, as I told James that I have NEVER received any letters, statements, bills, invoices or otherwise from Sallie Mae or any other company regarding this old loan in the past 10 years. I find it strange that you have my correct address ( which James states you do), and be making claims that I am months late on payments, yet never sent me any bills. Sallie Mae has never made any attempt to contact me whether by phone or mail regarding this account. Had that occurred, I most certainly would have taken care of it immediately.

I fully expect that Sallie Mae will immediately correct this loan open date to the correct date of 04/1993 and communicate this to all three credit reporting agencies while the matter is being clarified and settled. I would like proof ,in writing, in a timely matter of this action. I am aware of my rights as a consumer to have accurate information reported and will not hesitate to contact the Federal Trade Commission - Consumer Response Center if this "loan open date" is not reported correctly.   Please send me an address where I can mail copies of all pertinent paper work so this can be settled as soon as possible.

Thank you for your time and consideration in this matter.

Sincerely,

Erin Ward   (619) 239-5073   ss# 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   original loan date: 04/1993



*Plaintiff's Exhibit*
**2**
HYDE & SWIGART
619-233-7770

June 30, 2004

Erin Ward
2472 Broadway
San Diego, CA 92102

Acct# 10213171

Van Ru Credit Corporation
150 S. Sunnyslope, Suite 108
Brookfield, WI 53005-6461
Attn: John ext. 2016

Dear Sir,

RE: our phone conversation on June 28, 2004, regarding the student loan that Sallie Mae claims I opened in 11/2003 and am supposedly delinquent on.

As you will note, the loan was opened in 1993 through Bank of America, not in 2003 through Sallie Mae. As you have already confirmed with me, Sallie Mae bought this loan from Bank of America in 11/2003.

Enclosed you will find copies of the original loan agreement and all checks made to me. I have also send this information to Sallie Mae, all three credit reporting agencies, and have filed a complaint with the Federal Trade Commission Consumer Response Center against Sallie Mae for reporting false information to the CRA's and refusing to correct it.

As I mentioned to you during our phone conversation, in addition to this loan being over a decade old, it was discharged in conjunction with a Stafford loan in 1995 due to school closure. I sent copies of the loan disclosure paperwork directly to Sallie Mae. I do not know why, after ten years it is showing up as active. I have never in the past 10 years received any notice, bill, statement, or otherwise from Bank of America, Sallie Mae or any other creditor regarding this loan being open. In fact, Sallie Mae, has not made any attempt to collect on this loan since 11/2003. They simply sent it to collections. Had I known about this loan showing up as active when Sallie Mae bought it, I certainly would have corrected this situation then.

I fully expect that this situation will be corrected immediately and no further action will be taken against me regarding collection on this decade old, discharged loan.

Thank you for your attention in this matter.

Sincerely,

Erin L. Ward

*Plaintiff's Exhibit*
**3**
HYDE & SWIGART
619-233-7770

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS<br>Erin Ward | DEFENDANTS '04 CV 2580 BEN (NLS)<br>Van Ru Credit Corporation |
|---|---|
| 04 DEC 29 AM 9:29<br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br>BY:          DEPUTY | |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF<br>San Diego | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT<br>(IN U.S. PLAINTIFF CASES ONLY)<br>Waukesha, WI<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Hyde & Swigart<br>110 West C Street, Suite 2018<br>San Diego, CA 92101<br>619-233-7770 (Main) 619-330-4657 (Facsimile) | ATTORNEYS (IF KNOWN)<br>Unknown at this time. |

| II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY) | III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX<br>(For Diversity Cases Only)          FOR PLAINTIFF AND ONE BOX FOR DEFENDANT |
|---|---|

☐ 1 U.S. Government Plaintiff       ☒ 3 Federal Question
                                    (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant       ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq.

### V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $<br>$2000 + Atty Fees + Costs | Check YES only if demanded in complaint:<br>JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | Docket Number |
|---|---|---|
| DATE 12/28/04 | SIGNATURE OF ATTORNEY OF RECORD | |

PO $150.00   12/29/04   #109860   VD